UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE OIL PAINTING ENTITLED OTHELLO ) <br> AND DESDEMONA BY MARC CHAGALL, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. _____ |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, Plaintiff the United States of America, by and through the United States Attorney for the District of Columbia, and brings this Verified Complaint for Forfeiture *in Rem* against the defendant property, namely: one oil painting entitled Othello and Desdemona by Marc Chagall (the "Defendant Property"), which is depicted in Attachment A. The United States alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### THE DEFENDANT PROPERTY

1. The Defendant Property is a Marc Chagall oil painting entitled "Othello and Desdemona." The Defendant Property was taken into possession by the Federal Bureau of Investigation ("FBI") from an individual in Maryland and is currently held at an FBI facility in Washington, D.C.

### NATURE OF ACTION AND THE DEFENDANT IN REM

2. This *in rem* forfeiture action arises out of an investigation by the FBI into the theft of the Defendant Property from the home of Ernest and Rose Heller in New York, New York in 1988. The Defendant Property was subsequently transported in interstate commerce in violation

of 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property) and 18 U.S.C. § 2315 (Possession of Stolen Goods).

3. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from the proceeds of the interstate transportation of stolen property and possession of stolen goods.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. These statutes confer original to district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

5. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the District of Columbia and the Defendant Property has been brought to the District of Columbia. Specifically, the Defendant Property was stolen in New York, New York, was transported in interstate commerce to the District of Columbia, and was the subject of an attempted sale in the District of Columbia.

6. Venue is also proper pursuant to 28 U.S.C. § 1395(c) because the Defendant Property is currently held in the District of Columbia.

## STATUTORY BASIS FOR FORFEITURE

7. Based on the facts set forth in this Complaint, the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity." 18 U.S.C. § 1956(c)(7)(A) defines "specified unlawful activity" to include any act or activity constituting an offense listed in 18 U.S.C. § 1961(1). Interstate transportation of stolen

property and possession of stolen goods, in violation of 18 U.S.C. §§ 2314 and 2315, are offenses listed in 18 U.S.C. § 1961(1).

8. A violation of interstate transportation of stolen property requires proof that: 1) the target transported or caused to be transported in interstate commerce some property; 2) the property was stolen, converted, or fraudulently obtained; 3) the target, at the time of the transportation, knew the property had been stolen, converted, or taken by fraud; and 4) the property was valued at more than $5,000.00. 18 U.S.C. § 2314.

9. A violation of possession of stolen goods requires proof that: 1) the target received, possessed, concealed, stored, bartered, sold, or disposed of some property; 2) the property had been stolen, unlawfully converted, or unlawfully taken; 3) the target knew the property had been stolen, unlawfully converted, or unlawfully taken; 4) after the property was stolen, unlawfully converted, or unlawfully taken, the property was moved across a boundary of a state line; and 5) the property was valued at more than $5,000.00. 18 U.S.C. § 2315.

## FACTS GIVING RISE TO FORFEITURE

**I.  Theft of the Defendant Property**

10. Ernest and Rose Heller, who are now deceased, were arts collectors who lived in New York, New York. During their lives, the couple amassed a collection of art work from their travels in Europe and other parts of the world.

11. Their collection included paintings by renowned artists, such as Marc Chagall, August Renoir, Othon Friesz, Georges Rouault, Pablo Picasso, and Edward Hopper. By 1988, the Hellers had collected over 21 paintings and 12 sculptures, which they kept in their apartment in New York, New York.

12. One of the items owned by the Hellers was the Defendant Property, which depicted a male, Othello, in the left foreground holding a sword in his hand and looking at a female figure,

Desdemona, lying on a bed in the right background.  *See* Attachment A.  The Defendant Property was an oil painting on canvas and in the bottom right corner bore the date "1911" and the signature "ChAgAll."  The back of the painting displayed a label which indicated the "Besitzer," the German word for owner, was "Mr. + Mrs. E.S. Heller, New York."  *See* Attachment B.

13. The Defendant Property was featured in a Chagall exhibition in Switzerland between May 6, 1967, and July 30, 1967.  The Defendant Property was appraised by an auction house on June 6, 1974, for between $50,000 and $65,000.

14. In August 1988, the Hellers arrived home to find that the Defendant Property was stolen from their New York home, along with other of their artwork and sculptures.  The Hellers were featured in an August 26, 1988, article about this burglary.  The article specifically mentioned the theft of the Defendant Property.  Following the burglary, the Defendant Property was also listed by Interpol as stolen artwork.

15. The Defendant Property was insured by an insurance company ("Insurance Company"), which paid the Hellers a lump sum following the theft.

16. An FBI investigation recently revealed that the Defendant Property had been stolen from the Hellers' apartment by an individual who worked in their apartment building ("Person 1").  Person 1 was convicted by a federal district court for interstate transportation of stolen property and mail fraud related to the theft and sale of other works of art stolen from other apartment buildings.

**II.   Exchange of the Defendant Property**

17. In the late 1980s to early 1990s, Person 1 met with an individual in Virginia ("Person 2") to assist in the illicit sale of the Defendant Property.  Person 2 knew the Defendant

4

Property was stolen because Person 1 was seeking to use Person 2's connections with Bulgarian organized crime to sell the Defendant Property.

18. Person 2 identified a potential buyer for the Defendant Property, but then learned that Person 1 was attempting to cut Person 2 out and sell directly to this potential buyer. Person 1 was doing this so Person 2 would be removed from the transaction and would no longer be entitled to a fee.

19. An argument occurred between Person 2 and Person 1. Following the argument, Person 2 kept the Defendant Property.

20. Person 1 reported the Defendant Property stolen in the early 2000s.

### III. Prior Attempted Sales of the Defendant Property

21. In 2011, a person traveled to Washington, D.C. to meet with the owner of an art gallery located in Washington, D.C. This person brought the Defendant Property to show the gallery owner. This person attempted to consign the Defendant Property to the gallery. The gallery owner advised that without paperwork evincing ownership and provenance, or a certificate from the Chagall Committee attesting to the painting's authenticity, the gallery would not agree to display the Defendant Property for sale. Given that the Defendant Property was stolen, this person did not have the required proof.

22. The gallery owner recognized the Defendant Property as the same painting brought to him by an unidentified male in 1989. The unidentified male was seeking to consign the Defendant Property to the gallery. The gallery owner told the unidentified male that proof of ownership was required, which the unidentified male did not have. As a result, the gallery declined to display the Defendant Property at the request of the unidentified male.

**IV.     Most Recent Attempted Sales of the Defendant Property**

23.     For a number of years, Person 2 stored the Defendant Property in the attic of his Maryland home in a wooden box of his own design and construction.

24.     In January 2017, the gallery owner was approached by Person 2 who was attempting to consign the Defendant Property to the Washington, D.C. gallery. Person 2 did not have proof of ownership. The gallery owner refused to accept the Defendant Property for consignment. On this occasion, the gallery owner suggested to Person 2 that he reach out to law enforcement concerning the Defendant Property.

25.     Person 2 subsequently contacted the FBI. On January 20, 2017, the FBI took possession of the Defendant Property from Person 2.

26.     The FBI has contacted the estate of Ernest and Rose Heller. An attorney for the estate confirmed the Defendant Property was the same painting stolen from the home of the Hellers in 1988.

27.     The attorney for the Heller estate has stated that it is the rightful owner of the painting. Upon return of the Defendant Property to the Heller estate, and in consultation with the Insurance Company, the Heller estate intends to auction the Defendant Property, repay the Insurance Company for their disbursement, pay any related legal expenses, and donate the remainder of the funds to the residuary beneficiaries identified in the Hellers' will: the McDowell Colony (80%), Columbia University (10%), and NYU Medical Center (10%), all 501(c)(3) tax-exempt nonprofit corporations.

## FIRST CLAIM FOR RELIEF
## (18 U.S.C. § 981(A)(1)(C))
**(Proceeds of the Interstate Transportation of Stolen Property, 18 U.S.C. § 2314)**

28. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 27 above as if fully set forth herein.

29. Person 2 transported the Defendant Property, which was valued at more than $5,000, in interstate commerce after it had been stolen, knowing it had been stolen, in violation of 18 U.S.C. § 2314.

30. As such, the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds of the interstate transportation of stolen property.

## SECOND CLAIM FOR RELIEF
## (18 U.S.C. § 981(A)(1)(C))
**(Proceeds of Possession of Stolen Goods, 18 U.S.C. § 2315)**

31. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 27 above as if fully set forth herein.

32. Person 2 possessed the Defendant Property, which was valued at more than $5,000, after it had been stolen and after it had been moved across state boundaries, knowing it had been stolen, in violation of 18 U.S.C. § 2315.

33. As such, the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds of the possession of stolen goods.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that notice issue on the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that a warrant of arrest *in rem* issue according to law; that judgment be entered declaring that the Defendant Property be forfeited for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: April 12, 2018

                Respectfully submitted,

                JESSIE K. LIU, D.C. Bar No. 472845
                United States Attorney

By:      /s/
                SEAN M. WELSH, VA Bar No. 89660
                Special Assistant United States Attorney

                ZIA M. FARUQUI, D.C. Bar No. 494990
                BRIAN HUDAK
                ANTHONY SCARPELLI
                Assistant United States Attorneys

                555 Fourth Street, NW
                Washington, DC 20530
                (202) 252-7117 (Faruqui)

                *Attorneys for the United States of America*

## **VERIFICATION**

I, Marc Hess, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement representatives and that everything represented herein is true and correct.

Executed on this 12th day of April, 2018.


_____/s/_____
Marc Hess
Special Agent
Federal Bureau of Investigation

**Attachment A**



**Attachment B**



# CIVIL COVER SHEET

JS-44 (Rev. 7/13 DC)

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

One Oil Painting Entitled Othello and Desdemona by Marc Chagall

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Zia Faruqui (202) 252-7117
Assistant United States Attorney
555 Fourth Street, N.W., 4th Floor
Washington, D.C. 20530

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization

- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. § 981(a)(1)(C)- civil forfeiture of property derived from proceeds of ITSP/stolen goods

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** <br> **JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |
| DATE: 4/12/2018 | SIGNATURE OF ATTORNEY OF RECORD   /s/ Zia M. Faruqui | | |

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of the case.

**VI.** CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| c/o United States Attorney's Office | : | |
| Judiciary Center Building | : | |
| 555 4th Street, N.W. | : | |
| Washington, D.C. 20530, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | |
| ONE OIL PAINTING ENTITLED OTHELLO | : | |
| AND DESDEMONA BY MARC CHAGALL | : | |
| | : | |
| Defendant. | : | |

# **WARRANT FOR ARREST *IN REM***

TO: THE UNITED STATES MARSHAL'S SERVICE AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United States District Court for the District of Columbia, on the _____ day of April, 2018, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C);

YOU ARE, THEREFORE, HEREBY COMMANDED to serve the defendant property, thus bringing, within the jurisdiction of the Court, the said defendant property, more fully described as:

> **ONE OIL PAINTING ENTITLED OTHELLO AND DESDEMONA BY MARC CHAGALL**

YOU ARE FURTHER COMMANDED to provide notice of this action to all persons thought to have an interest in or claim against the defendant property by serving upon such persons a copy of this warrant and the Verified Complaint *In Rem*, in a manner consistent with the principles of service of process of an action *in rem* under the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Federal Rules of Civil Procedure.

1

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated: April ____, 2018

_____
Clerk of the Court

By: _____
Deputy Clerk